In the Interest of ALBa Child















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-320-CV

IN THE INTEREST OF A.L.B., A CHILD

 

From the 170th District Court
McLennan County, Texas
Trial Court # 2000-599-4
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â This is an appeal from an order denying a motion to modify child support in a suit affecting
the parent-child relationship. Pursuant to the divorce decree, Ryan Douglas Everett was obligated
to pay child support to Jennifer Marie Baldwin, his former wife and the managing conservator of
their daughter. Everett filed a motion to modify his support obligations during his incarceration
with the Texas Department of Criminal Justice. The trial court denied his motion. We will affirm
the trial courtâs order.
Â Â Â Â Â Â Baldwin sued Everett for divorce in February 2000. Soon thereafter, Everett violated his
probation for a conviction of indecency with a child and, after his probation was revoked, was sent
to prison in April. The final hearing of the divorce proceedings occurred in July, and Everett
failed to appear because he was incarcerated. As a result of his non-appearance, the trial court
granted all of Baldwinâs requested relief, which included a dissolution of the marriage and an
order requiring Everett to pay $155 per month in child support.
Â Â Â Â Â Â In May 2001, Everett filed a motion to modify his support obligations on the ground that his
incarceration constituted a material and substantial change such that his payments should be
suspended until he is released from prison. Tex. Fam. Code Ann. Â§ 156.401(a)(1) (Vernon
Supp. 2002). Everett, however, was incarcerated at the time the trial court issued the original
child support order in July 2000. Therefore, his incarceration is not a material and substantial
change.
Â Â Â Â Â Â Thus, we affirm the trial courtâs order denying his motion.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Affirmed
Opinion delivered and filed May 1, 2002
Do not publish
[CV06]



.

   Â Â Â  Immediately after mediation,
the mediator must advise this Court, in writing, only that the case did or did
not settle, and the amount of the mediatorÂs fee paid by each party.Â  The
mediatorÂs fees will be taxed as costs.Â  Unless the mediator agrees to mediate
without fee, the mediator must negotiate a reasonable fee with the parties, and
each party must pay a proportionate share of the agreed-upon fee directly to
the mediator.

Â Â Â Â Â Â Â  Â Â Â  Failure or refusal to attend
the mediation as scheduled and to actively participate in the mediation may
result in the imposition of sanctions, as permitted by law.

Â Â Â Â Â Â Â  Â Â Â  Any objection to this Order
must be filed with this Court and served upon all parties within ten days after
the date of this Order, or it is waived.

Â 

PER
CURIAM

Before
Chief Justice Gray,

Â Â Â Â Â Â Â  Justice
Davis, and

Â Â Â Â Â Â Â  Justice
Scoggins

Order
issued and filed January 26, 2011

Do
not publish